IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-487C<br>(Judge Block) |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with Rule 16 of the Rules of the United States Court of Federal Claims ("RCFC"), and Appendix A to this Court's Rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Part III of Appendix A.

**a. Does the Court have jurisdiction over the action?**

Plaintiff asserts jurisdiction pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. The Government is presently unaware of any basis upon which to challenge the Court's jurisdiction, except for the cause of action for superior knowledge, as set forth in paragraph h(3).

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should the trial of liability and damages be bifurcated?**

Plaintiff believes that bifurcation may be appropriate. At this time the Government believes that bifurcation is not appropriate.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. Will a remand or a suspension be sought?**

The parties agree that no remand or suspension will be sought.

**f. Will additional parties be joined?**

The parties agree that no additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

At this time, the parties cannot state whether dispositive motions will be filed. Either before or after the close of discovery has been completed, either party may submit motions or cross-motions for summary judgment pursuant to RCFC 56.

**h. What are the relevant issues?**

Both parties believe that the following issues are relevant:

1. Whether the contractor encountered subsurface conditions at the project site that differed materially from those indicated in the contract documents, thereby constituting a differing site condition; and if so, whether plaintiff is entitled to damages.

2. Whether the Government misrepresented the classification and nature of the subsurface material in its description of test pit soil samples obtained by the Government and included in the contract documents; and if so, whether the plaintiff is entitled to damages.

3. Whether this Court possesses jurisdiction over the superior knowledge claim, given

that the plaintiff never raised that claim before the contracting officer.

The plaintiff believes that the following issues are relevant:

4. Whether the plaintiff's superior knowledge claim is based upon information never disclosed by the Government nor reasonably available to the plaintiff until issuance of the contracting officer's decision.

5. Whether the Government failed to disclose superior knowledge regarding the practices and procedures employed by it in describing samples from soils test pits obtained by the Government and included by it in the contract documents; and if so, whether the plaintiff is entitled to damages.

6. The amount of damages to which plaintiff is entitled in the event it proves one or more of its entitlement theories.

**i. What is the likelihood of settlement?**

At this time, the parties cannot state whether this case can be settled. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses. Plaintiff is agreeable to mediation. The Government has not yet made a determination when, or if, mediation is appropriate.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

As stated above, after discovery has been completed, the parties may submit motions or cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

**k. Are there special issues regarding electronic case management needs?**

At this time, the parties agree that there are no special issues regarding electronic case management needs.

**l. What is the proposed discovery plan?**

Counsel for both parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose a discovery deadline of October 3, 2005, an expert witness disclosure deadline of November 3, 2005, and an expert witness discovery completion date of December 15, 2005.

Respectfully submitted,

s/ James T. Hopkins
JAMES T. HOPKINS
Schiffrin Olson Schlemlein & Hopkins
1601 Fifth Avenue, Suite 2500
Seattle, WA 98101
Washington, DC 20005
Tel. (206) 448-8100
Fax (206) 448-8514
Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ David R. Feniger
DAVID R. FENIGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 307-3390
Fax (202) 305-2118
Attorneys for Defendant

September 17, 2004