IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-487C<br>(Judge Block) |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

For its answer to the plaintiff's complaint, defendant admits, denies, and alleges as follows:

1.1 Denies the allegations contained in paragraph 1.1 for lack of knowledge or information sufficient to form a belief as to their truth.

1.2 Admits.

1.3 Admits.

1.4. Admits the allegations contained in the first sentence of paragraph 1.4. Admits the allegations contained in the second sentence of paragraph 1.4 to the extent supported by the assignment cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 1.4. Admits the allegations contained in the third sentence of paragraph 1.4.

1.5. The allegations contained in paragraph 1.5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.1. Admits the allegations contained in the first sentence of paragraph 2.1. The allegations contained in the second sentence of paragraph 2.1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.1. Admits the allegations contained in the first and second sentences of paragraph 3.1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 3.1. Admits the allegations contained in the third sentence of paragraph 3.1.

3.2. Admits the allegations contained in paragraph 3.2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.2.

3.3. Admits the allegations contained in the first sentence of paragraph 3.3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 3.3. The allegations contained in the second sentence of paragraph 3.3 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.4. Admits the allegations contained in paragraph 3.4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.4.

3.5. Admits the allegations contained in the first sentence of paragraph 3.5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise

denies the allegations contained in the first sentence of paragraph 3.5. Admits the allegations contained in the second, third, fourth, and fifth sentences of paragraph 3.5. Admits the allegations contained in the sixth and seventh sentences of paragraph 3.5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the sixth and seventh sentences of paragraph 3.5.

3.6. Denies the allegations contained in paragraph 3.6.

3.7. Denies the allegations contained in paragraph 3.7 for lack of knowledge or information sufficient to form a belief as to their truth.

4.1. Admits.

4.2. Denies the allegations contained in paragraph 4.2 for lack of knowledge or information sufficient to form a belief as to their truth.

4.3. The allegations contained in paragraph 4.3 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4.4. Admits the allegations contained in paragraph 4.4 to the extent supported by the daily reports cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 4.4.

4.5. Admits the allegations contained in paragraph 4.5 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.5.

4.6. The allegations contained in the first and second sentences of paragraph 4.6, that plaintiff encountered differing site conditions, constitute conclusions of law and plaintiff's

characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; denies the remaining allegations contained in the first sentence of paragraph 4.6. Admits the allegation contained in the second sentence of paragraph 4.6 that RSC ceased its own suction dredging operations on about August 8, 2000; denies the remaining allegations contained in the second sentence of paragraph 4.6. Admits the allegations contained in the third sentence of paragraph 4.6.

4.7. The allegations contained in the first sentence of paragraph 4.7 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 4.7 to the extent that RSC used a dump scow to implement a clamshell dredging operation on or about August 21, 2000; otherwise denies the allegations contained in the second sentence of paragraph 4.7. Admits the allegations contained in the third sentence of paragraph 4.7. Admits the allegations contained in the fourth sentence of paragraph 4.7 to the extent that RSC did not complete the required dredging during the 2000 construction season; otherwise denies the allegations contained in the fourth sentence of paragraph 4.7. Admits the allegations contained in the fifth sentence of paragraph 4.7 to the extent that RSC shut down for the winter and resumed operations during a third construction season in 2001; otherwise denies the allegations contained in the fifth sentence of paragraph 4.7. Admits the allegations contained in the sixth sentence of paragraph 4.7 to the extent that the remaining dredging work of approximately 230,000 yards was performed in 2001 by Western Marine Construction, or its subcontractor; otherwise denies the allegations contained in the sixth sentence of paragraph 4.7.

5.1. Admits the allegations contained in the first sentence of paragraph 5.1 to the extent that on November 5, 2001, the Government received a request for equitable adjustment from RSC, containing a certification by RSC's vice president, alleging a differing site condition; otherwise denies the allegations contained in the first sentence of paragraph 5.1. Admits the allegations contained in the second sentence of paragraph 5.1 to the extent supported by the REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5.1.

5.2. Admits the allegations contained in the first sentence of paragraph 5.2 to the extent that the contracting officer issued a final decision dated November 26, 2003; otherwise denies the allegations contained in the first sentence of paragraph 5.2. Denies the allegations contained in the second sentence of paragraph 5.2.

5.3. Denies the allegations contained in paragraph 5.3 for lack of knowledge sufficient to form a belief to their truth; avers that the allegation is ambiguous: it is not evident what "twelve" refers to, whether it be days, weeks, months, or some other unit of measurement.

6.1. Defendant's responses to paragraphs 1.1 through 5.3 of the complaint are incorporated by reference.

6.2. Denies.

7.1. Defendant's responses to paragraphs 1.1 through 6.2 of the complaint are incorporated by reference.

7.2. Denies the allegations contained in the first sentence of paragraph 7.2. Admits the allegations contained in the second sentence of paragraph 7.2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations

contained in the second sentence of paragraph 7.2. Denies the allegations contained in the third, fourth, and fifth sentences of paragraph 7.2.

7.3. The allegations contained in the first sentence of paragraph 7.3 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7.4. Denies the allegations contained in the introductory statement of paragraph 7.4. Admits the allegations contained in paragraphs 7.4(a) through 7.4(d) to the extent supported by ASTM 2488, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.4(a) through 7.4(d).

7.5. The allegations contained in paragraph 7.5 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8.1. Defendant's responses to paragraphs 1.1 through 7.5 of the complaint are incorporated by reference.

8.2 Admits the allegations contained in the first, second, and third sentences of paragraph 8.2 to the extent supported by the geotechnical report and the contract, which are the best evidence of their contents; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 8.2. The allegations contained in the fourth and fifth sentences of paragraph 8.3 constitute plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the sixth sentence of paragraph 8.2.

8.3. The allegations contained in paragraph 8.3 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8.4. The allegations contained in paragraph 8.4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9.1. Defendant's responses to paragraphs 1.1 through 8.3 of the complaint are incorporated by reference.

9.2. The allegations contained in paragraph 9.2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 9.2, or to any relief whatsoever.

11. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

12. Plaintiff's claim is barred by payment.

WHEREFORE, defendant request that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 305-7586
Fax (202) 514-7969
Attorneys for Defendant

November 21, 2005