IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-487C<br>(Judge Block) |

STIPULATION FOR ENTRY OF FINAL JUDGMENT AGAINST THE UNITED STATES

To settle the claims asserted in the complaint and to permit the entry of final judgment in favor of plaintiff on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. On December 15, 1998, Red Samm Construction, Inc. ("Red Samm") entered into Contract No. DACW85-99-C-003 ("the contract") with the United States Army Corps of Engineers to construct a small boat harbor in King Cove, Alaska ("the project").

2. On or about October 30, 2001, pursuant to the Contract Disputes Act ("CDA"), Red Samm submitted a certified claim to the contracting officer in the amount of $2,729,242.09 for damages and losses alleged to be a result of differing site conditions in the area of the project. The contracting officer issued a final decision, dated November 26, 2003, denying the claim.

3. With the consent of the contracting officer, Red Samm assigned its rights to payments and claims related to the contract to its completion surety, Reliance Insurance Company ("Reliance"). Reliance, in turn, sold its surety and bonding business to plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), which acquired the rights,

duties and obligations under completion bonds and related agreements issued or entered by Reliance, including Red Samm's completion bond and claims on the project.

4. On March 29, 2004, Travelers filed this lawsuit, appealing the denial of Red Samm's October 30, 2001 claim. The Court has jurisdiction of such action and claims under the CDA.

5. The parties subsequently entered into negotiations designed to resolve amicably Travelers' claims. Travelers has offered to settle this case in exchange for payment by the United States in the amount of One Million Nine Hundred Twenty Five Thousand Dollars ($1,925,000.00), inclusive of interest, with each party to bear its own costs, attorney fees, and expenses.

6. Travelers' offer has been accepted on behalf of the Attorney General.

7. The United States consents to entry of final judgment against the United States in favor of Travelers as set out in paragraph 5.

8. Upon entry of final judgment as provided herein, Travelers releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages except, solely, Travelers' rights to enforce the Court's final judgment.

9. This stipulation is in no way related to or concerned with income or other taxes for which Travelers is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

10. Travelers warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Travelers further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Travelers, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

11. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

12. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Travelers.

13. This document constitutes a complete integration of the stipulation between the parties regarding the subject matter herein and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

s/ James T. Hopkins
JAMES T. HOPKINS
Schiffrin Olson Schlemlein & Hopkins
1601 Fifth Avenue, Suite 2500
Seattle, WA 98101
Washington, DC 20005
Tel. (206) 448-8100
Fax (206) 448-8514
Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director
Authorized Representative of the
Attorney General

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 305-7586
Fax (202)514-7969
Attorneys for Defendant

July 12, 2007